# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** V. **PHILLIP HEFFINGTON** **Defendant.** | **CRIMINAL NO. 7:16-09-KKC** **MEMORANDUM OPINION & ORDER** |

This matter is before the Court on Defendant Phillip Heffington's Motion to Revoke or Amend the Magistrate's Order Detaining Defendant. (DE 29). For the following reasons, the Court DENIES Defendant's motion.

## I. BACKGROUND

Defendant is charged with inflicting bodily injury upon Michael Sepanek, a former warden of the United States Penitentiary Big Sandy, in violation of 18 U.S.C. § 111(a)(1) and (b). (DE 1). Defendant has pled not guilty (DE 9), and his trial, originally scheduled for September 12, 2016, has been continued to November 14, 2016. (DE 28). Defendant was a former camp administrator at USP Big Sandy. (DE 14-2).

Defendant was initially released on July 7, 2016, upon conditions including that he "not violate federal, state, or local law while on release" and that he "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including but not limited to Michael Sepanek, except in the presence of counsel." (DE 11). Magistrate Judge Ingram fully explained to Defendant the conditions of his release. (DE 9; DE 27, Order at 1).

1

On August 17, 2016, the United States moved to revoke Defendant's pretrial release, arguing that he had violated two conditions of his release. (DE 14). The United States also moved for issuance of an arrest warrant, which Magistrate Judge Ingram granted. (DE 14; DE 27, Order at 2). Defendant was arrested in the Middle District of Tennessee at Nashville, and following an initial appearance in that district, Defendant was brought to this district for a bond violation hearing, which was held before Magistrate Judge Ingram on August 24, 2016. (DE 27, Order at 2).

The government supported its motion to revoke defendant's pretrial release with an affidavit of Daniel McMahan, a special agent with the United States Department of Justice Office of the Inspector General. (DE 14-2). Special Agent McMahan's affidavit referenced text messages sent by Defendant to Oliver Crum, a Bureau of Prisons reentry affairs coordinator at USP Big Sandy. (DE 14-2). A memorandum that Crum had filed with the current warden at USP Big Sandy concerning the text messages from Defendant and a phone call from Crum to Defendant was also attached to Special Agent McMahan's affidavit. (DE 14-2).

According to the text messages, the following conversation took place:

> Defendant: We need to talk. I got the oig report and I have to figure some things out moving forward. Did you really say that stuff? What I got wasn't signed by you or the two oig guys. If you are a potential witness I'm supposed to involve my lawyer in discussions and we haven't up to now. How should we move forward as I don't want to jeopardize you or me[?]
>
> Crum: Say what stuff?

In response, Defendant sent Crum pictures of investigatory documents of the Office of the Inspector General that included statements Crum had made concerning the assault charge against Defendant. (DE 14-2). Defendant received these documents in discovery. (DE 14).

2

The conversation continued:

> Defendant: You had said previously there was no way you could be a potential witness. Let me know so I know if I need to involve my lawyer moving forward as the eeo person arranged for interview in the next few days[.]
>
> Crum: yes I said you returned many times agitated and ups [sic] after coming from talking to Sepanek and that u felt he was trying to punk u out and that u did not fear him in a physical one on one but did fear the after math [sic] if that did occur[.]
>
> Crum: That is true[.]

(DE 14-2).

Defendant's mention of the "eeo person" and interview concerned a separate investigation by the Equal Employment Opportunities Commission into a sexual harassment complaint Crum filed against a former supervisor. (DE 14, Mot. at 2; DE 27). Defendant had provided background information to Crum regarding that complaint. (DE 27, Order at 3).

Special Agent McMahan and Crum both testified at Defendant's bond violation hearing. (DE 27). Special Agent McMahan testified in accordance with his affidavit, and Crum testified as to the text messages he received from Defendant and a phone call he made to Defendant after receiving the text messages. (DE 27, Order at 2–4). Crum said at the hearing that he was intimidated by Defendant's texts and that Defendant was seen as powerful at USP Big Sandy. (DE 27, Order at 3). Crum also gave testimony that his office at USP Big Sandy had been ransacked, potentially by an ally of Defendant, and that someone had left a note on his truck at work that said, "you are a dead rat." (DE 27, Order at 4).

After hearing the witnesses' testimony and the arguments of Defendant and the government, Magistrate Judge Ingram found that Defendant had violated conditions of his pretrial release. (DE 27, Order at 5–7). Defendant's counsel then called Defendant's wife to testify regarding the potential conditions that could be put into place to allow Defendant to be released before trial. (DE 27). Magistrate Judge Ingram found revocation was required as

conditions could not assure that Defendant would not pose a danger to the safety of any other person or the community. (DE 27, Order at 8).

Defendant filed a motion to revoke or amend Magistrate Judge Ingram's order detaining him. (DE 29). In order to properly evaluate the Defendant's motion, the Court ordered the United States to promptly respond to Defendant's motion. (DE 30). The government complied with the Court's order. (DE 31).

## II. ANALYSIS

### A. Standard of review

This Court may review a magistrate judge's order revoking pretrial release *de novo*. *United States v. Crane*, No. 5:15-005-DCR, 2015 WL 4424957, *2 (E.D. Ky. July 17, 2015) (citing *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000)) (noting that "although the Sixth Circuit has not mandated a particular standard of review, the 'majority view appears to favor . . . *de novo* review of detention orders'").

In making this review, the Court has considered the government's motion before Magistrate Judge Ingram. (DE 14, Mot. to Revoke Pre-Trial Release and for Issuance of Arrest Warrant). The Court has also considered Magistrate Judge Ingram's orders regarding Defendant's pretrial release and conditions of his release and the order regarding revocation of that release. (DE 9, Minute Entry for Initial Appearance and Arraignment; DE 10, Order; DE 11, Order Setting Conditions of Release; DE 21, Minute Entry for Initial Appearance and Bond Violation Hr'g; DE 27, Order of Revocation and Detention). An audio recording of the bond revocation hearing was also considered.

Additionally, the Court has reviewed the Defendant's motion before this Court (DE 29, Mot. to Revoke or Amend Magistrate's Order Detaining Defendant) and the government's

4

response to that motion (DE 31, Response to Defendant's Mot. to Revoke or Amend Detention Order).

In their filings with the Court, neither Defendant nor the government discusses any evidence that has not already been presented or filed in the record. Accordingly, the Court finds that an additional hearing is not necessary.

### B. Review of Magistrate Judge's findings

The standards regarding revocation of pretrial release and detention are found in 18 U.S.C. § 3148(b)(1)–(2). That statute imposes a two-step process for determining whether a defendant's pretrial release should be revoked.

First, a judge must determine whether there is either probable cause to believe that the person has committed a federal, state, or local crime while on release, or whether there is clear and convincing evidence that the person has violated any other condition of release. 18 U.S.C. § 3148(b)(1). Next, the judge must determine, either whether, based on the factors set out by statute, "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or whether "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

If, after a hearing, both prongs are found then "[t]he judicial officer shall enter an order of revocation and detention." 18 U.S.C. § 3148(b).

### i. Condition violations

In this case, Magistrate Judge Ingram found Defendant had violated two conditions of his pretrial release. First, Magistrate Judge Ingram found clear and convincing evidence that Defendant had violated the no contact condition of his release. (DE 27, Order at 5). Second,

Magistrate Judge Ingram found probable cause that Defendant had committed a federal offense while released. (DE 27, Order at 6).

### a. Clear and convincing evidence on violation of the no contact provision

The order setting Defendant's conditions of release required that he "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including but not limited to Michael Sepanek, except in the presence of counsel." A violation of this condition must be found by clear and convincing evidence. 18 U.S.C. § 3148(b)(1)(B).

The record amply establishes Defendant's violation of this condition by clear and convincing evidence. Defendant contacted Crum, Defendant's former coworker, to ask about statements Crum had made to investigators from the Office of the Inspector General regarding the assault charge against Defendant. (DE 14). This fact alone indicates Defendant had some awareness that Crum was a potential witness, and as such, Defendant should not have had any contact with Crum.

Defendant's counsel argues that Defendant complied with the spirit of the bond condition regarding no contact with witnesses because Defendant mentioned in his text messages to Crum the need to involve his attorney if Crum were a potential witness. (DE 29, Defendant's Mot. at 3). However, complying with the spirit of the bond restriction is not enough—actual compliance is what is required.

Thus, Magistrate Judge Ingram was correct in finding clear and convincing evidence that Defendant had violated the no contact condition of his pretrial release.

### b. Probable cause on violation of federal law

Another pretrial condition imposed on Defendant was that he "not violate federal, state, or local law while on release." (DE 11). Probable cause is the standard in determining whether such a violation has occurred. 18 U.S.C. § 3148(b)(1)(A). Probable cause in this context

requires evidence that would "warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail." *United States v. Gentry*, 156 F.3d 1233 (6th Cir. 1998) (table opinion) (citing *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986)) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)) (internal quotation marks omitted).

The United States argued in its motion that Defendant had violated 18 U.S.C. § 1512(b). That statute requires a finding that the defendant be one who "knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person" and that the defendant act "with intent to influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)(1).

However, because the Court finds clear and convincing evidence exists that Defendant violated the no contact provision of his pretrial release, a discussion of whether probable cause existed in this context is not necessary. Yet, even assuming that probable cause does not exist to find that Defendant acted knowingly to intimidate or threaten Crum or with intent to influence Crum's testimony, Crum testified that Defendant's texts concerned him because he felt that Defendant could destroy his career or otherwise harm him.

Still, because this Court finds clear and convincing evidence that Defendant violated the no contact condition of his release, a review is required of Magistrate Judge Ingram's decision revoking Defendant's release.

## ii. Review of revocation of release

In determining whether it is proper to revoke a defendant's pretrial release, 18 U.S.C. § 3148 directs a judge to look for either a finding that, based on certain factors, "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or a finding that "the person is unlikely to abide by any condition or combination of conditions of release."

Magistrate Judge Ingram found—after evaluating the evidence presented at the revocation hearing, the Pre-Trial Services Report, and the factors found in 18 U.S.C. § 3142(g)—that revocation of Defendant's pretrial release was required. (DE 27, Order at 8). The danger found by Magistrate Judge Ingram was that of subversion of justice. (DE 27, Order at 8).

Indeed, the Sixth Circuit has stated that "[a] federal court's authority to protect the integrity of its proceedings encompasses the authority to take reasonable actions to avoid intimidation or coercion of witnesses. This circuit has consistently upheld pretrial detention in response to threats to intimidate witnesses." *United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007) (internal citations omitted).

When Defendant was initially released, the Court imposed only one condition additional to the usual statutory conditions—that he have no contact with any witnesses or potential witnesses outside of the presence of counsel. As the record demonstrates, Defendant was unable to abide by that one condition and had improper contact with a potential witness. Defendant's conduct presents a real danger to the judicial process and to the community, and it justifies continued detention until trial is complete. Because Defendant has proved himself willing to violate the one additional bond condition placed on him, which was designed specifically to protect the quality of justice, the Court cannot trust Defendant to abide by additional restrictions that would have the same goal.

Further, given the nature of the underlying charge against Defendant—assault of a federal officer—this Court agrees with Magistrate Judge Ingram's finding that there are no conditions that will assure "that Defendant will not pose a danger to the safety of any other person or the community." (DE 27, Order at 8).

## III. CONCLUSION

The record indicates clear and convincing evidence that Defendant violated the no contact condition of his release. Further, the record establishes that there is no condition or combination of conditions to assure that Defendant will not pose a danger to any other person or to the community. For these reasons, Defendant's Motion to Revoke or Amend the Magistrate's Order Detaining Defendant is DENIED.

Dated September 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY